UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anita Keeley,                                                    Civil No. 08-276 (PAM/AJB)

            Plaintiff,

v.                                               **MEMORANDUM AND ORDER**

Michael J. Astrue,
Commissioner of Social Security,

            Defendant.

---

This matter is before the Court on Plaintiff's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Arthur J. Boylan dated February 26, 2009.

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(B); D. Minn. L.R. 72.2(b). Based on a review of the record and the submissions of the parties, the Court adopts the Magistrate Judge's R&R.

Plaintiff contends that the R&R erred in finding that substantial evidence supported the decision of the Administrative Law Judge ("ALJ"), in partially rejecting the opinions of Plaintiff's treating physicians, and in upholding the ALJ's determination that Plaintiff's subjective complaints of pain were not entirely credible.

Plaintiff takes issue with the ALJ's decision to discount the opinions of Plaintiff's treating physicians that Plaintiff could perform only part-time work. However, as the Magistrate Judge noted, there are inconsistencies in the record as to Plaintiff's ability to work

full-time.  In particular, the R&R discusses Plaintiff's failure to comply with physical therapy, even though physical therapy often relieved some of Plaintiff's more severe symptoms, if not the pain she claimed to suffer.  Plaintiff contends that it was error for the Magistrate Judge to focus on the physical therapy issue, because neither of her treating physicians ever indicated that physical therapy would allow Plaintiff to return to work full time.  The ALJ, however, was not limited to the opinions of the treating physicians on the ultimate issue of disability.  See Nelson v. Sullivan, 946 F.2d 1314, 1316 (8th Cir. 1991) (statements regarding disability "are not medical opinions but opinions on the application of the statute, a task assigned solely to the [Commissioner]")  Rather, as he was required to do, the ALJ examined the record as a whole, which includes not only the opinions of the treating physicians but also the opinions of the non-examining physician, Plaintiff's own testimony, and the other evidence Plaintiff submitted in support of her application for benefits.  See Krogmeier v. Barnhardt, 294 F.3d 1019, 1023 (8th Cir. 2002) ("[A] treating physician's opinion  must be considered along with the evidence as a whole.").  The Magistrate Judge correctly found that all of this evidence, taken together, provided substantial evidence to support the ALJ's conclusion that Plaintiff was not limited to part-time work.

The ALJ is required to give weight to a treating physician's opinions about a claimant's ability to work.  The ALJ is not required, however, to simply accept those opinions.  Indeed, adoption of a treating physician's opinions without consideration of other evidence would constitute error.  The ALJ in this case carefully considered all of the evidence in the record.  His determination with respect to part-time work is not erroneous.

Next, Plaintiff argues that the ALJ's failure to allow Plaintiff's daughter to testify at the hearing was reversible error. (Pl.'s Obj. at 9.) According to Plaintiff, the ALJ said that Plaintiff's daughter did not need to testify because the ALJ considered Plaintiff's testimony credible. However, the ALJ ultimately found Plaintiff not entirely credible. Therefore, according to Plaintiff, the ALJ should have allowed Plaintiff's daughter to testify to bolster Plaintiff's credibility. Plaintiff's argument reads too much into the ALJ's comments regarding Plaintiff's daughter's testimony.

At the hearing, the ALJ indicated that he did not need to hear Plaintiff's daughter's testimony for two reasons. First, Plaintiff's daughter submitted a letter that was readable and the ALJ would consider that letter. Second, the physicians, both treating and non-treating, and the Residual Functional Capacity ("RFC") evaluator did not indicate that they had issues with Plaintiff's credibility. Merely because the various sources in the record did not question Plaintiff's credibility does not mean that the ALJ cannot independently determine that the record as a whole casts some doubt on Plaintiff's credibility. Moreover, the ALJ's consideration of Plaintiff's daughter's written submission belies Plaintiff's assertion that the ALJ erred by failing to allow the daughter to testify. The ALJ fully developed the record and his opinion cannot be reversed on this basis.

Finally, as the Magistrate Judge found, substantial evidence in the record as a whole supports the ALJ's determinations. There is certainly evidence to support a finding of disability in this case, but the standard is not whether evidence exists to reverse the ALJ's determination. See Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992) (court may not

reverse a decision "merely because substantial evidence would have supported the opposite decision") (quotations omitted).  Rather, the issue is whether substantial evidence in the record as a whole supports the ALJ's determination.  42 U.S.C. § 405(g).  The Court is not free to substitute its own judgment for that of the ALJ.  Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).  "If it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings," the decision must be affirmed.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

The Magistrate Judge carefully and in great detail reviewed the record and the ALJ's findings in this case.  After doing so, the Magistrate Judge concluded that substantial evidence existed to support the ALJ's findings.  Having reviewed the R&R de novo as required by the statute, this Court reaches the same conclusion.

**CONCLUSION**

As the statute requires, the Court has reviewed the record regarding Magistrate Judge Boylan's R&R.  Based on that review and all the submissions of the parties, the Court **ADOPTS** the R&R (Docket No. 19).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Docket No. 15) is **GRANTED**; and

2.	Plaintiff's Motion for Summary Judgment (Docket No. 9) is  **DENIED**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 24, 2009

              *s/Paul A. Magnuson*
              Paul A. Magnuson
              United States District Court Judge